**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **WILLIAM GIDNEY,** | § | |
| **ID #K65760 and MN 4376,** | § | |
| | § | |
| **Petitioner,** | § | |
| | § | |
| v. | § | Civil Action No. 3:06-CV-0111-L |
| | § | |
| **FIFTH DISTRICT COURT OF,** | § | |
| **APPEALS OF TEXAS AT DALLAS,** | § | |
| | § | |
| **Respondent.** | | |

**MEMORANDUM OPINION AND ORDER**

Before the court is Petitioner William Gidney's ("Gidney" or "Petitioner") Appeal from Denial of Petition for Writ of Mandamus or Petition for Writ of Mandamus or Petition for Writ of Habeas Corpus as Applicable to Texas Rules of Court,[1] filed January 17, 2006. Pursuant to 28 U.S.C. § 636(b), this matter was referred to the United States Magistrate Judge for proposed findings and recommendation.

On June 13, 2006, the Findings, Conclusions, and Recommendation of the United States Magistrate Judge ("Report") were filed. The magistrate judge recommends that the petition for writ

---

[1]On March 20, 2006, the magistrate judge notified Gidney that

> [t]he Court construes this action as a petition for writ of mandamus in which petition seeks an order to compel the Fifth District Court of Appeals of Texas at Dallas to "hear" his post-trial motions filed with the trial court in their entirety. The Court thus directs the Clerk of the Court to style the case in the manner of this Order. Furthermore, if petitioner disagrees with the construction given his filing, he shall file an amended pleading within thirty days of the date of this Order that clarifies the nature of this action. An amended pleading is unnecessary, if petitioner agrees with the construction given his filing.

Notice of Deficiency and Order at 1. Docket No. 3. Gidney did not file an amended complaint.

**Memorandum Opinion and Order – Page 1**

of mandamus be dismissed for lack of jurisdiction and that the district court inform Gidney that he remains responsible for the full filing fee in this action, despite the actions of Respondent that have rendered this action moot. Gidney filed his Response to Findings, Conclusions, and Recommendation of the United States Magistrate Judge ("Objections") on June 26, 2006.

Prior to the magistrate judge filing her Report, Gidney provided the court information that the Respondent issued a ruling on the matters before it.[2] The magistrate judge therefore determined that this instant mandamus action is moot, as there are no longer any live issues to resolve, and the court should dismiss the action for lack of jurisdiction. Report at 2. The magistrate judge further determined that Gidney is responsible for the full filing fee, pursuant to 28 U.S.C. § 1915(b).[3]

In his Objections, Gidney contends that the magistrate judge abused her discretion in construing his original filing as a writ of mandamus. Gidney maintains that it was an appeal of the denial of a writ previously filed with the Texas Supreme Court. He also asserts that, as the

---

[2]*See* Notice to the Clerk and Request for Clarification, filed June 8, 2006. Docket No. 6.

[3]This section provides:

> (b)(1) Notwithstanding subsection (a), if a prisoner brings a civil action or files an appeal in forma pauperis, the prisoner shall be required to pay the full amount of a filing fee. The court shall assess and, when funds exist, collect, as a partial payment of any court fees required by law, an initial partial filing fee of 20 percent of the greater of--
>
> > (A) the average monthly deposits to the prisoner's account; or
> >
> > (B) the average monthly balance in the prisoner's account for the 6-month period immediately preceding the filing of the complaint or notice of appeal.

28 U.S.C. § 1915(b).

**Memorandum Opinion and Order – Page 2**

magistrate judge now informs him that federal court cannot hear a mandamus to compel action from a state court,[4] the magistrate judge encouraged him to proceed with a frivolous cause.

The court determines that Gidney's Objections should be overruled. He was informed by the magistrate judge that the court construed his pleadings as a petition for writ of mandamus, and was given an opportunity to amend his pleadings if he disagreed with the court's construction. Gidney did not amend his pleadings, and has forfeited his right to do so. As he failed to exercise or take advantage of that right, he has no grounds to complain at this juncture. Further, on June 8, 2006, Gidney notified the court that Respondent ruled on the matters pending before it on May 22, 2006. The mandamus action is therefore moot. Gidney seeks to circumvent the filing fee requirements of 28 U.S.C. § 1915(b) by contending that the magistrate judge should have dismissed the case immediately upon determining that the court lacked jurisdiction. The court determines that this argument lacks merit, as § 1915(b) still applies.

Having reviewed the pleadings, file and record in this case, the findings and conclusions of the magistrate judge, and the objections thereto, the court determines that the findings and conclusions of the magistrate judge are correct. They are therefore accepted as those of the court. Accordingly, the court **overrules** Gidney's Objections; and **dismisses without prejudice** the petition for writ of mandamus for lack of jurisdiction. Pursuant to 28 U.S.C. § 1915(b), Gidney remains responsible for the full filing fee in this action.

---

[4] *See* 28 U.S.C. § 1361; *Moye v. Clerk, Dekalb County Sup. Ct.,* 474 F.2d 1275, 1275-76 (5th Cir. 1973).

**It is so ordered** this 27th day of July, 2006.

_____
Sam A. Lindsay
United States District Judge

**Memorandum Opinion and Order – Page 4**